Michael Faillace [MF-8436]
Michael Faillace & Associates, P.C.
60 East 42nd Street, Suite 2540
New York, New York 10165
(212) 317-1200
*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
---------------------------------------------------------X
JUAN CARLOS PENA BUSTAMANTE,
*individually and on behalf of others similarly situated,*

                *Plaintiff,*

 -against-

UNO CAFE & BILLIARDS INC.
(d/b/a UNO CAFÉ & BILLIARDS),
NY CANTAOKE INC. (d/b/a AMOR
KARAOKE & BAR)  ROSALIA K.
LEE, KEN LEE, JOHN PARK, and
YANGKEY KIM

                *Defendants.*
---------------------------------------------------------X

15-cv-04192-FB-RML

**SECOND AMENDED COMPLAINT**

**COLLECTIVE ACTION**
**UNDER 29 U.S.C. § 216(b)**

**ECF Case**

      Plaintiff Juan Carlos Pena Bustamante ("Plaintiff Pena" or "Mr. Pena"), individually and on behalf of others similarly situated, by and through his attorneys, Michael Faillace & Associates, P.C., alleges upon information and belief, and as against each of defendants Uno Cafe & Billiards Inc. (d/b/a Uno Café & Billiards), NY Cantaoke Inc. (d/b/a Amor Karaoke & Bar), ("Defendant Corporations"), Rosalia K. Lee, Ken Lee, John Park, and Yangkey Kim (collectively, "Defendants"), as follows:

## NATURE OF ACTION

1. Plaintiff Pena is a former employee of Defendants Uno Café & Billiards Inc. (d/b/a Uno Café & Billiards), NY Cantaoke Inc. (d/b/a Amor Karaoke & Bar), Rosalia K. Lee, Ken Lee, John Park, and Yangkey Kim.

2. Uno Café & Billiards/Amor Karaoke & Bar is a pool hall/karaoke bar owned by Rosalia K. Lee, Ken Lee, John Park, and Yangkey Kim located at 78-01 Roosevelt Avenue, Jackson Heights, New York 11372.

3. Upon information and belief, Defendants Rosalia K. Lee, Ken Lee, John Park, and Yangkey Kim serve or served as owners, managers, principals or agents of Defendant Corporations and through these corporate entities operate both the pool hall and the bar.

4. Plaintiff Pena is a former employee of Defendants.

5. Plaintiff Pena was employed as a security guard for both the karaoke bar and the pool hall.

6. Plaintiff Pena regularly worked for Defendants in excess of 40 hours per week without appropriate overtime compensation for any of the hours that he worked over 40 in a week.

7. Rather, Defendants failed to maintain accurate recordkeeping of his hours worked and failed to pay Plaintiff Pena appropriately any additional overtime premiums for any hours he worked over 40 in a week.

8. Defendants' conduct extended beyond Plaintiff Pena to all other similarly situated employees.

9. At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiff Pena and other employees to work in excess of forty (40) hours per

week without providing them the overtime compensation required by federal and state law and regulations.

10. Plaintiff Pena now brings this action on behalf of himself, and other similarly situated individuals, for unpaid overtime wages pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq*. ("FLSA"), the New York Labor Law ("NYLL") §§190 and 650 *et seq*., and "overtime wage order" respectively codified at N.Y.C.R.R. Tit. 12 § 146, including applicable liquidated damages, interest, attorneys' fees and costs.

11. Plaintiff Pena seeks certification of this action as a collective action on behalf of himself, individually, and all other similarly situated employees and former employees of Defendants pursuant to 29 U.S.C. § 216(b).

## JURISDICTION AND VENUE

12. This Court has subject matter jurisdiction pursuant to 29 U.S.C. § 216(b) (FLSA), 28 U.S.C. § 1531 (interstate commerce) and 28 U.S.C. § 1331 (federal question). Supplemental jurisdiction over Plaintiff Pena's state law claims is conferred by 28 U.S.C. § 1367(a).

13. Venue is proper in this district under 28 U.S.C. § 391(b) and (c) because all or a substantial part of the events or omissions giving rise to the claims occurred in this district, Defendants operate their businesses in this district, and Plaintiff Pena was employed by Defendants in this district.

## PARTIES
*Plaintiff*

14. Plaintiff Pena is an adult individual residing in Queens County, New York.

15. Plaintiff Pena was employed by Defendants from approximately 2005 until on or about June 27, 2015.

16. Plaintiff Pena consents to being a party pursuant to 29 U.S.C. § 216(b), and brings these claims based upon the allegations herein as a representative party of a prospective class of similarly situated individuals under 29 U.S.C. § 216(b).

*Defendants*

17. At all times relevant to this complaint, Defendants own, operate, and/or control a pool hall and karaoke bar located at 78-01 Roosevelt Avenue, Jackson Heights, New York 11372 under the name "Uno Café & Billiards/Amor Karaoke & Bar."

18. Upon information and belief, Uno Café & Billiards Inc. ("Defendant Corporation") is a corporation organized and existing under the laws of the State of New York. Upon information and belief, it maintains its principal place of business at 78-05 Roosevelt Avenue, Jackson Heights, New York 11372.

19. Upon information and belief, NY Cantaoke Inc. ("Defendant Corporation") is a corporation organized and existing under the laws of the State of New York. Upon information and belief, it maintains its principal place of business at 78-01 Roosevelt Avenue, Jackson Heights, New York 11372.

20. Defendant Rosalia K. Lee is an individual engaging (or who was engaged) in business within this judicial district during the relevant time period. Defendant Rosalia K. Lee is sued individually in her capacity as an owner, officer and/or agent of Defendant Corporations.

21. Defendant Rosalia K. Lee possesses or possessed operational control over Defendant Corporations, an ownership interest in Defendant Corporations, or controlled significant functions of Defendant Corporations.

22. Defendant Rosalia K. Lee determined the wages and compensation of the employees of Defendants, including Plaintiff Pena, established the schedules of the employees, maintained employee records, and had the authority to hire and fire employees.

23. Defendant Ken Lee is an individual engaging (or who was engaged) in business within this judicial district during the relevant time period. Defendant Ken Lee is sued individually in his capacity as an owner, officer and/or agent of Defendant Corporations.

24. Defendant Ken Lee possesses or possessed operational control over Defendant Corporations, an ownership interest in Defendant Corporations, or controlled significant functions of Defendant Corporations.

25. Defendant Ken Lee determined the wages and compensation of the employees of Defendants, including Plaintiff Pena, established the schedules of the employees, maintained employee records, and had the authority to hire and fire employees.

26. Defendant John Park is an individual engaging (or who was engaged) in business within this judicial district during the relevant time period. Defendant John Park is sued individually in his capacity as an owner, officer and/or agent of Defendant Corporations.

27. Defendant John Park possesses or possessed operational control over Defendant Corporations, an ownership interest in Defendant Corporations, or controlled significant functions of Defendant Corporations.

28. Defendant John Park determined the wages and compensation of the employees of Defendants, including Plaintiff Pena, established the schedules of the employees, maintained employee records, and had the authority to hire and fire employees.

29. Defendant Yangkey Kim is an individual engaging (or who was engaged) in business within this judicial district during the relevant time period. Defendant Yangkey Kim is sued individually in their capacity as an owner, officer and/or agent of Defendant Corporations.

30. Defendant Yangkey Kim possesses or possessed operational control over Defendant Corporations, an ownership interest in Defendant Corporations, or controlled significant functions of Defendant Corporations.

31. Defendant Yangkey Kim determined the wages and compensation of the employees of Defendants, including Plaintiff Pena, established the schedules of the employees, maintained employee records, and had the authority to hire and fire employees.

## FACTUAL ALLEGATIONS

*Defendants Constitute Joint Employers*

32. Defendants operate a pool hall and a bar located at the Jackson Heights section of Queens.

33. Individual Defendants Rosalia K. Lee, Ken Lee, John Park, and Yangkey Kim possess operational control over Defendant Corporations, possess an ownership interest in Defendant Corporations, and control significant functions of Defendant Corporations.

34. Defendants are associated and joint employers, act in the interest of each other with respect to employees, pay employees by the same method and share control over the employees.

35. Each Defendant possessed substantial control over Plaintiff Pena's (and other similarly situated employees') working conditions, and over the policies and practices with respect to the employment and compensation of Plaintiff Pena, and all similarly situated individuals, referred to herein.

36. Defendants jointly employed Plaintiff Pena, and all similarly situated individuals, and are Plaintiff Pena's (and all similarly situated individuals') employers within the meaning of 29 U.S.C. 201 *et seq.* and the NYLL.

37. In the alternative, Defendants constitute a single employer of Plaintiff Pena and/or similarly situated individuals.

38. Upon information and belief, individual Defendants Rosalia K. Lee, Ken Lee, John Park, and Yangkey Kim operate Defendant Corporations as either as alter egos of themselves, and/or fail to operate Defendant Corporations as legal entities separate and apart from themselves by, among other things:

　　(a) failing to adhere to the corporate formalities necessary to operate Defendant Corporations as separate and legally distinct entities;

　　(b) defectively forming or maintaining Defendant Corporations by, among other things, failing to hold annual meetings or maintaining appropriate corporate records;

　　(c) transferring assets and debts freely as between all Defendants;

　　(d) operating Defendant Corporations for their own benefit as sole or majority shareholders;

(e) operating Defendant Corporations for their own benefit and maintaining control over them as closed corporations or as closely controlled entities;

(f) intermingling assets and debts of their own with Defendant Corporations;

(g) diminishing and/or transferring assets of Defendant Corporations to protect their own interests; and

(h) other actions evincing a failure to adhere to the corporate form.

39. At all relevant times, Defendants were Plaintiff's employers within the meaning of the FLSA and NYLL.

40. Defendants had the power to hire and fire Plaintiff Pena, controlled the terms and conditions of his employment, and determined the rate and method of any compensation in exchange for Plaintiff Pena's services.

41. In each year from 2009 to the present, Defendants, both individually and jointly, had gross annual volume of sales of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated).

42. In addition, upon information and belief, Defendants and/or their enterprises were directly engaged in interstate commerce. For example, numerous items that were used in the pool hall/karaoke bar on a daily basis, such as alcoholic drinks, were produced outside of the State of New York.

*Individual Plaintiff*

43. Plaintiff Pena is a former employee of Defendants, employed in performing the duties of a security guard for both the karaoke bar and the pool hall.

44. Plaintiff Pena seeks to represent a class of similarly situated individuals under 29 U.S.C. § 216(b).

*Plaintiff Juan Carlos Pena Bustamante*

45. Plaintiff Pena was employed by Defendants from approximately 2005 until on or about June 27, 2015.

46. At all relevant times, Plaintiff Pena was employed by Defendants as a security guard for both the bar and the pool hall.

47. Plaintiff Pena regularly handled goods in interstate commerce, such as security sticks produced outside of the State of New York.

48. Plaintiff Pena's work duties required neither discretion nor independent judgment.

49. Throughout his employment with Defendants, Plaintiff Pena regularly worked in excess of 40 hours per week.

50. From approximately July 2009 until on or about July 2010, Plaintiff Pena worked from approximately 10:00 p.m. until on or about 5:00 a.m. six days a week at Amor Karaoke & Bar (typically 42 hours per week).

51. From approximately July 2010 until on or about December 2012, Plaintiff Pena worked from approximately 10:00 p.m. until on or about 5:00 a.m. seven days a week at Amor Karaoke & Bar (typically 49 hours per week).

52. From approximately January 2013 until on or about June 27, 2015, Plaintiff Pena worked from approximately 4:00 p.m. until on or about 4:00 a.m. seven days a week at Uno Café & Billiards (typically 84 hours per week).

53. Throughout his employment with defendants, Plaintiff Pena was paid his wages in cash.

54. From approximately July 2009 until on or about July 2010, defendants paid Plaintiff Pena a fixed salary of $600 per week.

55. From approximately July 2010 until on or about December 2012, defendants paid Plaintiff Pena a fixed salary of $700 per week.

56. From approximately January 2013 until on or about June 27, 2015, Defendants paid Plaintiff Pena a fixed salary of $1050 per week.

57. Defendants did not provide Plaintiff Pena with any meal breaks or any other kind of rest period throughout the entire time he worked there.

58. Defendants did not provide Plaintiff Pena with an accurate statement of wages with each payment of wages, as required by NYLL 195(3).

59. Plaintiff Pena was not required to keep track of his time, nor to his knowledge did the Defendants utilize any time tracking device, such as a time clock or punch cards, that accurately reflected his actual hours worked.

60. Defendants never provided Plaintiff Pena with a written notice, in English and in Spanish (Plaintiff Pena's primary language), of his rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1).

61. No notification, either in the form of posted notices or other means, was ever given to Plaintiff Pena regarding overtime and wages under the FLSA and NYLL.

62. Defendants required Plaintiff Pena to purchase "tools of the trade" with his own funds—including 20 black shirts per year for $35 each (total:$4,200), 10 black pants per year for

10

$60 each (total: $3,600), and one pair of black boots per year for $135 (total $810). Thus, the total cost of the "tools of the trade" Plaintiff Pena was required to purchase to perform his job as a security guard for defendants was approximately $8,610.

*Defendants' General Employment Practices*

63. Defendants regularly required Plaintiff Pena to work in excess of forty (40) hours per week without paying him the proper overtime wages.

64. At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiff Pena (and all similarly situated employees) to work in excess of forty (40) hours per week without paying him appropriate overtime compensation, as required by federal and state laws.

65. Plaintiff Pena was paid his wages entirely in cash.

66. Defendants willfully disregarded and purposefully evaded record keeping requirements of the Fair Labor Standards Act and New York Labor Law by failing to maintain accurate and complete timesheets and payroll records.

67. By employing these practices, Defendants avoided paying Plaintiff Pena the appropriate overtime compensation of time and a half for all of his hours worked in excess of forty (40) hours per week.

68. Defendants failed to post required wage and hour posters in the pool hall/karaoke bar, and did not provide Plaintiff Pena with statutorily required wage and hour records or statements of his pay received, in part so as to hide Defendants' violations of the wage and hour laws, and to take advantage of Plaintiff Pena's relative lack of sophistication in wage and hour laws.

69. Upon information and belief, these practices by Defendants were done willfully to disguise the actual number of hours Plaintiff Pena (and similarly situated individuals) worked, and to avoid paying Plaintiff Pena properly for (1) his full hours worked and (2) for overtime due.

70. Defendants failed to provide Plaintiff Pena and other employees with wage statements at the time of payment of wages, containing: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL §195(3).

71. Defendants failed to provide Plaintiff Pena and other employees, at the time of hiring and on or before February 1 of each subsequent year, a statement in English and the employees' primary language of Spanish, containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by New York Labor Law §195(1).

## FLSA COLLECTIVE ACTION CLAIMS

72. Plaintiff Pena brings his FLSA overtime wages, and liquidated damages claims as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all similarly situated persons who are or were employed by Defendants, or any of them, on or after the date that is three years before the filing of the complaint in his case (the "FLSA Class Period"), as employees of Defendants (the "FLSA Class").

73. At all relevant times, Plaintiff Pena and other members of the FLSA Class who are and/or have been similarly situated, have had substantially similar job requirements and pay provisions, and have been subject to Defendants' common practices, policies, programs, procedures, protocols and plans of willfully failing and refusing to pay them the required overtime pay of one and one-half times his regular rates for work in excess of forty (40) hours per workweek under the FLSA, willfully taking improper wage deductions and other improper credits against Plaintiff Pena's wages for which Defendants did not qualify under the FLSA, and willfully failing to keep records required by the FLSA.

74. The claims of Plaintiff Pena stated herein are similar to those of the other employees.

### FIRST CAUSE OF ACTION
### VIOLATION OF THE FLSA OVERTIME PROVISIONS

75. Plaintiff Pena repeats and realleges all paragraphs above as though fully set forth herein.

76. At all times relevant to this action, Defendants were Plaintiff Pena's employers (and employers of the putative FLSA Class members) within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203(d). Defendants had the power to hire and fire Plaintiff Pena (and

13

the FLSA class members), controlled the terms and conditions of employment, and determined the rate and method of any compensation in exchange for his employment.

77. At all times relevant to this action, Defendants were engaged in commerce or in an industry or activity affecting commerce.

78. Defendants constitute an enterprise within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203 (r-s).

79. Defendants, in violation of 29 U.S.C. § 207 (a)(1) of the FLSA, failed to pay Plaintiff Pena (and the FLSA Class members) overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a workweek.

80. Defendants' failure to pay Plaintiff Pena (and the FLSA Class members) overtime compensation was willful within the meaning of 29 U.S.C. § 255(a).

81. Plaintiff Pena (and the FLSA Class members) were damaged in an amount to be determined at trial.

**SECOND CAUSE OF ACTION**
**VIOLATION OF THE NEW YORK STATE**
**LABOR LAW'S OVERTIME PROVISIONS**

82. Plaintiff Pena repeats and realleges all paragraphs above as though fully set forth herein.

83. Defendants, in violation of N.Y. Lab. Law § 190 *et seq*. and supporting regulations of the New York State Department of Labor, failed to pay Plaintiff Pena (and the FLSA Class members) overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a workweek.

14

84. Defendants failed to pay Plaintiff Pena (and the FLSA Class members) in a timely fashion, as required by Article 6 of the New York Labor Law.

85. Defendants' failure to pay Plaintiff Pena (and the FLSA Class members) overtime compensation was willful within the meaning of N.Y. Lab. Law § 663.

86. Plaintiff Pena (and the FLSA Class Members) were damaged in an amount to be determined at trial.

### THIRD CAUSE OF ACTION
### VIOLATION OF THE NOTICE AND RECORDKEEPING
### REQUIREMENTS OF THE NEW YORK LABOR LAW

87. Plaintiff Pena repeats and realleges all paragraphs above as though fully set forth herein.

88. Defendants failed to provide Plaintiff Pena with a written notice, in English and in Spanish (Plaintiff Pena's primary language), of his rate of pay, regular pay day, and such other information as required by NYLL §195(1).

89. Defendants are liable to Plaintiff Pena in the amount of $2,500, together with costs and attorneys' fees.

### FOURTH CAUSE OF ACTION
### VIOLATION OF THE WAGE STATEMENT PROVISIONS
### OF THE NEW YORK LABOR LAW

90. Plaintiff Pena repeats and realleges all paragraphs above as though set forth fully herein.

91. Defendants did not provide Plaintiff Pena with a statement of wages with each payment of wages, as required by NYLL 195(3).

92. Defendants are liable to Plaintiff Pena in the amount of $2,500, together with

costs and attorneys' fees.

## FIFTH CAUSE OF ACTION
### (RECOVERY OF EQUIPMENT COSTS)

93. Plaintiff Pena repeats and re-alleges all paragraphs above as though set forth fully herein.

94. Defendants required Plaintiff Pena to pay, without reimbursement, the costs and expenses for purchasing and maintaining equipment and "tools of the trade" required to perform his job, further reducing his wages in violation of the FLSA and NYLL. 29 U.S.C. § 206(a); 29 C.F.R. § 531.35; N.Y. Lab. Law §§ 193 and 198-b.

95. Plaintiff Pena was damaged in an amount to be determined at trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Pena respectfully request that this Court enter judgment against Defendants by:

(a) Designating this action as a collective action and authorizing prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all putative class members, apprising them of the pendency of this action, and permitting them promptly to file consents to be Plaintiffs in the FLSA claims in this action;

(b) Declaring that Defendants violated the overtime wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiff Pena and the FLSA class members;

(c) Declaring that Defendants violated the recordkeeping requirements of, and associated rules and regulations under, the FLSA with respect to Plaintiff Pena's, and the FLSA

class members', compensation, hours, wages, and any deductions or credits taken against wages;

(d) Declaring that Defendants' violation of the provisions of the FLSA were willful as to Plaintiff Pena and the FLSA class members;

(e) Awarding Plaintiff Pena and the FLSA class members damages for the amount of unpaid overtime wages, and damages for any improper deductions or credits taken against wages under the FLSA, as applicable;

(f) Awarding Plaintiff Pena and the FLSA class members liquidated damages in an amount equal to 100% of his damages for the amount of unpaid overtime wages, and damages for any improper deductions or credits taken against wages under the FLSA as applicable pursuant to 29 U.S.C. § 216(b);

(g) Declaring that Defendants violated the overtime wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiff Pena and the members of the FLSA Class;

(h) Declaring that Defendants violated the Spread of Hours Wage Order of the New York Commission of Labor as to Plaintiff Pena and the members of the FLSA Class;

(i) Declaring that Defendants violated the recordkeeping requirements of the NYLL with respect to Plaintiff Pena's, and the FLSA Class members', compensation, hours, wages; and any deductions or credits taken against wages;

(j) Declaring that Defendants' violations of the New York Labor Law were willful as to Plaintiff Pena and the FLSA Class members;

(k) Declaring that Defendants violated the provisions of section 191 of the NYLL;

(l) Awarding Plaintiff Pena and the FLSA class members damages for the amount of unpaid overtime wages as well as damages for any improper deductions or credits taken against

17

wages as well as awarding spread of hours pay under the NYLL as applicable;

(m)    Awarding Plaintiff Pena damages for Defendants' violation of the NYLL notice and recordkeeping provisions, pursuant to NYLL §§198(1-b), 198(1-d);

(n)    Awarding Plaintiff Pena and the FLSA class members liquidated damages in an amount equal to one hundred percent (100%) of the overtime compensation shown to be owed pursuant to NYLL § 663 as applicable;

(o)    Awarding Plaintiff Pena and the FLSA class members pre-judgment and post-judgment interest as applicable;

(p)    Awarding Plaintiff Pena and the FLSA class members the expenses incurred in this action, including costs and attorneys' fees;

(q)    Providing that if any amounts remain unpaid upon the expiration of ninety days following issuance of judgment, or ninety days after expiration of the time to appeal and no appeal is then pending, whichever is later, the total amount of judgment shall automatically increase by fifteen percent, as required by NYLL § 198(4); and

(r)    All such other and further relief as the Court deems just and proper.

Dated: New York, New York
       July 28, 2016

                              MICHAEL FAILLACE & ASSOCIATES, P.C.


                              ___/s/ Michael Faillace_____
                              By:   Michael A. Faillace [MF-8436]
                                    60 East 42nd Street, Suite 2540
                                    New York, New York 10165
                                    (212) 317-1200
                                    *Attorneys for Plaintiff*

18

19